IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J.P., a minor, and MARIONNA FELTS-PING, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) Case No. 3:16-CV00879--NJR-DGW |
| WILLIAMSON COUNTY EDUCATION SERVICES, WILLIAMSON COUNTY SPECIAL EDUCATION DISTRICT, MARION COMMUNITY UNIT SCHOOL DISTRICT #2, CHRISTOPHER ROBERTS, CYNTHIA ALLEN, JAMI HODGE, MELISSA COCKBURN, CHUCK WILLIAMSON, BECKY MOSS, and KEITH OATES, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are three motions: (1) a Motion to Dismiss, alleging failure to state a claim upon which relief can be granted, filed by Defendants Williamson County Education Services, Williamson County Special Education District, Christopher Roberts, Cynthia Allen, Jami Hodge and Melissa Cockburn (collectively "Williamson County") (Doc. 31); (2) a Motion to Make More Definite, Strike, and Dismiss, filed by Defendants Marion Community Unit School #2, Chuck Williamson, Becky Moss, and Keith Oates (collectively "Marion School") (Doc. 33); and (3) a Motion to Strike filed by Williamson County (Doc. 42). For the reasons set forth below, the Court: (1) grants both Williamson County's Motion to Dismiss and Marion School's Motion to Make More

Definite, Strike and Dismiss; (2) denies Williamson County's Motion to Strike as untimely[1]; (3) dismisses the Complaint; and (4) grants Plaintiff (Felts-Ping) leave to file an Amended Complaint consistent with the instructions listed in the "Expectations for Refiling" section below.

## ANALYSIS

This case arises out of a dispute between the minor plaintiff, J.P., his mother, Marionna Felts-Ping, and Defendants Williamson County and Marion School. Felts-Ping alleges federal law and constitutional violations of her son's rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, as well as the Fourth and Fourteenth Amendments to the United States Constitution. (Doc. 1, pp. 11-17). In addition, Felts-Ping alleges nine separate but related state law violations. (Doc. 1, pp. 17-32). All of the claims appear to be based on a series of incidents at J.P.'s school, allegedly involving a teacher and aide repeatedly grabbing J.P. and locking him in a closet for extended periods of time, causing him physical, emotional, educational, and behavioral injuries. (Doc 1. ¶¶ 54-64).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Here, the Complaint is thirty-two pages long, contains fourteen separate legal claims, and over 182 paragraphs. Although the first eighty-six paragraphs are dedicated to a statement of the

---

[1] On September 12, 2016, Williamson County filed a Motion for Extension of Time to Answer or Otherwise Plead. (Doc. 29). The Court granted an extension of time, up to and including October 11, 2016, for Williamson County to either file an Answer *or otherwise respond to Plaintiff's complaint.* (Doc. 30)(emphasis added). While Williamson County filed a Motion to Dismiss prior to the October 11, 2016 deadline (Doc. 31), the Motion to Strike (Doc. 42) was not filed until two weeks after. As a result, the filing was untimely and is therefore denied by the Court. Further, even if the Motion to Strike was filed in a timely manner, given the Court's granting of Williamson County's Motion to Dismiss, the Motion to Strike is moot.

facts, either no, or very few, of those facts are included in twelve of the fourteen counts. Rather, Felts-Ping simply incorporates by reference all of the prior paragraphs and leaves the Court and opposing parties to determine which facts are relevant to a particular claim. Further, while the title of each count identifies a legally cognizable claim, Felts-Ping does not list the relevant legal standard in all but one of the fourteen counts.

The various motions to dismiss identify eleven bases for dismissal (not including additional arguments related to the prayer for relief). (Doc. 31, pp. 2-19; Doc. 34, pp. 1-5). As a threshold issue, however, both the Motion to Dismiss and Motion to Make More Definite allege Felts-Ping's entire Complaint should be dismissed for failure to exhaust administrative remedies. (Doc. 31 ¶ 7 ; Doc. 33 ¶ 5).

20 U.S.C. § 1415(l) requires plaintiffs to exhaust administrative remedies under the Individual with Disabilities Act (IDEA) before filing an action under either the Americans with Disabilities Act or § 504 of the Rehabilitation Act—but only if the plaintiff seeks "relief" that is also "available" under the IDEA. *Fry v. Napoleon Community Schools*, 137 S.Ct. 743, 752 (2017). A plaintiff cannot avoid the requirement to exhaust administrative remedies simply by bringing her claim under a different statute. *Id.* at 754.

The parties properly briefed the exhaustion issue. However, since filing their memorandum of law, the United States Supreme Court in *Fry v. Napoleon Community Schools* abrogated the seminal Seventh Circuit case. *See Fry*, 137 S.Ct. at 755 (abrogating *Charlie F. v. Board of Ed. of Skokie School Dist.*, 98 F.3d 989 (7th Cir. 1996)). Under *Fry*, the

Supreme Court held that the test for determining whether exhaustion of the IDEA's administrative process is required hinges on whether the lawsuit "seeks relief for denial of a free and appropriate public education" (FAPE). *Fry*, 137 S.Ct. at 754. Contrary to the Seventh Circuit's approach under *Charlie F.*, the Supreme Court requires courts to specifically look at the type of relief requested.

> That inquiry makes central the plaintiff's own claims, as § 1415(l) explicitly requires. The statutory language asks whether a lawsuit in fact "seeks" relief available under the IDEA – not, as a stricter exhaustion statute might, whether the suit "could have sought" relief available under the IDEA (or, what is much the same, whether any remedies 'are" available under that law)…[The plaintiff] is the "master of the claim"… she identifies its remedial basis – and is subject to exhaustion or not based on that choice.

*Id.* at 755 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 and n.7 (1987)).

This does not mean the court should look solely at labels or terms listed in the plaintiff's complaint. *Fry*, 137 S.Ct. at 755. Rather, the question is whether the gravamen of the complaint seeks redress for a school's failure to provide a FAPE. *Id*. If so, then exhaustion of administrative remedies is required. *Id.* Since an administrative hearing officer is only authorized to grant relief for violations of a child's FAPE, any claims requesting relief unrelated to a FAPE do *not* require the plaintiff to exhaust administrative remedies. *Id.* at 754 (emphasis added). As an example, the court notes that the IDEA guarantees individualized instruction and related services to children with certain disabilities, while § 504 and the ADA prohibits discrimination against individuals based on their disability. *Id.* Presumably, if a plaintiff is seeking redress for violations of discriminatory behavior only precluded by § 504 and the ADA, a FAPE is

not implicated and exhaustion is not required. *Id.* at 756.

In order to determine whether a plaintiff seeks relief for the denial of a FAPE, the *Fry* court anticipated asking two questions. *Fry,* 137 S.Ct. at 755. First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school? *Id.* Second, could an *adult* at the school have raised essentially the same grievance? *Id.* If the answer to those questions is "yes," a complaint is unlikely to truly be about a FAPE, and exhaustion is not required. *Id.* However, if the answer is "no," then the complaint probably does concern a FAPE, regardless of whether it is expressed under that theory. *Id.* Here, as pled, the Court is unable to determine from the Complaint how to answer the two *Fry* questions.

A third issue the *Fry* court considered is whether a plaintiff has previously invoked the IDEA's administrative process to handle the dispute. *Fry,* 137 S.Ct. at 755. Filing an administrative complaint, and then switching to a judicial proceeding before exhausting that administrative process, could be evidence that the underlying claims relate to a FAPE. *Id.* The court noted, however, that the decision to switch to a judicial complaint could also be based on a plaintiff's recognition that the school had in fact provided a FAPE, and that their claims therefore fall under a different legal theory. *Id.* As a result, this third analysis is a very fact specific inquiry. *Id.*

Here, according to Felts-Ping's response to the various motions, an IDEA administrative hearing appears to be pending. (Doc. 44, p. 8). Felts-Ping states that administrative remedies have been pursued under ISBE Case No. 2017-0002. (Doc. 44, p. 8). Based on the cause number alone, it appears that the administrative complaint was

filed in 2017, after this cause of action was initiated. Further, Felts-Ping's request that they be allowed to "amend their Complaint so that they may add allegations regarding the *current* state of their efforts to exhaust…" suggests that the administrative process is still underway. (Doc. 44, p. 8). Because the facts and reasoning underlying the administrative claims are unknown, it is impossible for the Court to engage in the fact specific analysis required of the third *Fry* topic.

Given the significant change to the law, and the current state of the pleadings, the Court is unable to determine the threshold question of whether exhaustion of administrative remedies is required in this case. Accordingly, the Court grants both Williamson County's and Marion School's requests to dismiss the complaint. As previously indicated, however, Felts-Ping is given leave to file an Amended Complaint consistent with the expectations listed in the next section.

## EXPECTATIONS FOR REFILING

In order for the Court to understand and efficiently resolve the dispute between the parties, the following guidelines should be adhered to by the parties when filing pleadings:

1. Each claim for relief or affirmative defense shall identify the legal authority that is the basis for the claim (e.g., a citation to the statute that is the basis for a battery claim under Illinois law);

2. Each claim for relief or affirmative defense shall include a statement of the legal test that is the basis for the claim (e.g., the elements of the prima facie case for battery under Illinois law);

3. Each claim for relief or affirmative defense shall list specific facts supporting a plausible claim to relief. The Court expects that the parties will do more than simply incorporate all facts listed in a statement of facts section or prior arguments; and

4. Each claim for relief shall include sufficient facts for the court to assess whether the exhaustion of administrative remedies is required pursuant to the United States Supreme Court decision in *Fry v. Napoleon Community Schools*, 137 S.Ct. 743, 752 (2017).

## CONCLUSION

The Motion to Dismiss filed by Williamson County (Doc. 31) is **GRANTED.** The Motion to Make More Definite, Strike and Dismiss filed by Marion School (Doc. 33) is **GRANTED**. The Motion to Strike filed by Williamson County (Doc. 42) is **DENIED** as untimely. Plaintiffs J.P and Felts-Ping are **GRANTED** leave to file an Amended Complaint in accordance with the instructions provided in this Order on, or before, **July 24, 2017**.

**IT IS SO ORDERED.**

DATED:   June 21, 2017

/s/Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**