IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J.P., a minor, and <br> MARIONNA FELTS-PING, <br><br> Plaintiffs, <br><br> vs. <br><br> WILLIAMSON COUNTY EDUCATION SERVICES, WILLIAMSON COUNTY SPECIAL EDUCATION DISTRICT, MARION COMMUNITY UNIT SCHOOL DISTRICT #2, CHRISTOPHER ROBERTS, CYNTHIA ALLEN, JAMI HODGE, MELISSA COCKBURN, CHUCK WILLIAMSON, BECKY MOSS, and KEITH OATES, <br><br> Defendants. | Case No. 16-CV-00879-NJR-MAB |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Motion to Dismiss Cross-Claims filed by the Williamson County Defendants (Doc. 89). For the reasons set forth below, the Court denies the motion.

### Factual and Procedural Background

Plaintiffs have filed this lawsuit against ten defendants alleging that, between August 21, 2015, and September 2, 2015, Plaintiff J.P. was confined to a closet within the classroom and physically restrained by using armlock, wristlock, and/or fingerlock techniques for extended periods of time on multiple occasions (Doc. 57, p. 4-7). Plaintiffs

sue Williamson County Education Services, Williamson County Special Education District (collectively "Williamson County") and Marion Community Unit School District #2 ("MUCD"), as well as the administrators for these entities, Jami Hodge, Melissa Cockburn, Chuck Williamson, Becky Mass, and Keith Oates.

Specifically, Plaintiffs' Amended Complaint brings claims pursuant to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Count 1), Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (Count 2), and the Fourth Amendment to the United States Constitution (Counts 3-5), as well as state law claims for Battery (Count 6), False Imprisonment (Count 7), Intentional Infliction of Emotional Distress (Count 8), Negligent Infliction of Emotional Distress (Count 9), Negligence (Count 10), Negligent Training (Count 11), Willful and Wanton Conduct (Count 12), Willful and Wanton Training (Count 13), Willful and Wanton Infliction of Emotional Distress (Count 14), and a claim for reimbursement of medical expenses under the Illinois Family Expense Act (Count 15) (Doc. 57).[1]

On June 4, 2018, MCUSD filed its Answer to Plaintiffs' Amended Complaint (Doc. 88). In that Answer, MCUSD asserted cross-claims against Williamson County asserting that, in the event it is found liable to Plaintiffs relating to Count 1 and/or Counts 7-15, MCUSD is entitled to indemnification from Williamson County (Doc. 88, p. 87-109).

On June 21, 2018, Williamson County filed a Motion to Dismiss the Cross-Claims of MCUSD (Doc. 89). On June 25, 2018, MCUSD filed a Response (Doc. 90).

---

[1] On March 27, 2018, the Court dismissed the claims of negligent and willful and wanton retention, hiring, and supervision within Counts 11 and 13 (Doc. 76, p. 15).

## Legal Standard[2]

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). District courts may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-657 (7th Cir. 2008). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

## Analysis

Williamson County argues that all eleven of MCUSD's cross-claims for indemnification should be dismissed without prejudice because they are not ripe for determination. Specifically, Williamson County argues that these claims are premature because they are based upon MCUSD's potential liability to Plaintiffs. MCUSD responds that Federal Rule of Civil Procedure 13(g) specifically allows for its cross-claims for indemnification.

Federal Rule of Civil Procedure 13(g) states that a cross-claim "may include a claim

---

[2] Although Williamson County brings its motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), it only makes an argument for dismissal on ripeness grounds. "The question of ripeness, like other challenges to a court's subject matter jurisdiction, is treated as a motion to dismiss under Rule 12(b)(1)." *Verizon California Inc. v. Peevey*, 413 F.3d 1069, 1084 (9th Cir. 2005) (citing Moore's Federal Practice § 10.73[1])); *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). Thus, the Court will analyze the motion under Rule 12(b)(1).

that the coparty is or *may be liable* to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (emphasis added). This provision does not require that the claim be mature at the time of pleading. *See Providential Development Co. v. U.S. Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956) ("[Rule 13(g)] is not limited by text or purpose to definite or matured claims or causes of action. It is broad enough to include a claim of a contingent nature, the ultimate outcome of which depends on the determination of other features or issues in the case."). As the Seventh Circuit Court of Appeals has explained, cross-claims filed under Rule 13(g) prevent the "circuity of action and [disposes] of the entire subject matter arising from one set of facts in one action, thus administering complete and even-handed justice expeditiously and economically." *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir. 1952).

Williamson County cites to *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003), in support of its argument for dismissal, but that case involved the dismissal of an independent indemnity action that the plaintiff brought in the Northern District of Illinois, while the underlying liability had yet to be determined in Mississippi state court. *Id.* at 581-82. The fact that MCUSD brings indemnity claims under Rule 13(g) as cross-claims in this Court—the same court as the underlying litigation—distinguishes this case from *Lear Corp*.

Additionally, courts have allowed cross-claims for indemnification to be filed at the outset of the litigation in order to better serve the litigation process. *See, e.g. Baskins v. Gilmore*, No. 17 C 07566, 2018 WL 4699847, at *12 (N.D. Ill. Sept. 30, 2018); *see also Brugos v. Nannenga*, No. 2:03CV547RM, 2005 WL 1528370, at *2 (N.D. Ind. June 24, 2005). The

that the coparty is or *may be liable* to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (emphasis added). This provision does not require that the claim be mature at the time of pleading. *See Providential Development Co. v. U.S. Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956) ("[Rule 13(g)] is not limited by text or purpose to definite or matured claims or causes of action. It is broad enough to include a claim of a contingent nature, the ultimate outcome of which depends on the determination of other features or issues in the case."). As the Seventh Circuit Court of Appeals has explained, cross-claims filed under Rule 13(g) prevent the "circuity of action and [disposes] of the entire subject matter arising from one set of facts in one action, thus administering complete and even-handed justice expeditiously and economically." *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir. 1952).

Williamson County cites to *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003), in support of its argument for dismissal, but that case involved the dismissal of an independent indemnity action that the plaintiff brought in the Northern District of Illinois, while the underlying liability had yet to be determined in Mississippi state court. *Id.* at 581-82. The fact that MCUSD brings indemnity claims under Rule 13(g) as cross-claims in this Court—the same court as the underlying litigation—distinguishes this case from *Lear Corp*.

Additionally, courts have allowed cross-claims for indemnification to be filed at the outset of the litigation in order to better serve the litigation process. *See, e.g. Baskins v. Gilmore*, No. 17 C 07566, 2018 WL 4699847, at *12 (N.D. Ill. Sept. 30, 2018); *see also Brugos v. Nannenga*, No. 2:03CV547RM, 2005 WL 1528370, at *2 (N.D. Ind. June 24, 2005). The

Court finds it appropriate to follow suit for reasons of judicial economy, convenience, and fairness. MCUSD has asserted a cross-claim for indemnification based on its allegations that it *may be found liable* for injuries to Plaintiffs and that Williamson County is responsible for the injuries. The jury will first decide whether MCUSD is liable to Plaintiffs and then decide whether Williamson County is liable to MCUSD for indemnification. The Court sees no issues with this procedure.

## Conclusion

For the reasons set forth above, the Court **DENIES** the Motion to Dismiss (Doc. 89) filed by Williamson County.

**IT IS SO ORDERED.**

**DATED:**   March 19, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**